IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAKE SIMMONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Case No. 07-CV-0010-MJR |
| JESSE MONTGOMERY, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

  Before the Court is petitioner Jake Simmons' petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Simmons filed the petition while serving a seven-year sentence in the Illinois Department of Corrections. According to Simmons, after he grieved being denied placement in a wheelchair-accessible cell, numerous disciplinary charges were fabricated by prison officials, resulting in a cumulative loss of 153 days of good-time credit. Simmons contends the warden of Big Muddy River Correctional Center, the Administrative Review Board and the director of the Illinois Department of Corrections conspired to validate the bogus disciplinary convictions as a means of retaliating against him for grieving his cell placement and violations of the Americans with Disabilities Act. The loss of good time credit would have delayed Simmons' release from prison on parole by approximately five months, so he seeks through this petition to regain the good-time credits and be released from parole earlier.

  After initial review, the Court referred the case to a magistrate judge and dismissed all but one of the parties, Roger Walker, the Director of the Illinois Department of Corrections (IDOC). (Doc. 4.) The magistrate judge later substituted for Walker the current Respondent Jesse Montgomery, the Deputy Director of the IDOC responsible for the parole division, because Simmons is out on parole (Doc. 11.) The magistrate judge certified that the case was ready for

decision in February 2010. After careful review, the Court concludes that the case is moot and must be dismissed for want of subject-matter jurisdiction.

## Mootness

According to Simmons' petition, he alleged that he was scheduled to be released from parole on August 1, 2007. (Pet. 1.) When these good-time credits are restored, Simmons estimates that his new release date would be February 27 or 28, 2007. (Pet. 4.) That was three years ago. Additionally, his petition states that he was sentenced to seven years imprisonment on December 20, 2001. (Pet. 2.) The state court's judgment confirms this sentence and also notes that Simmons received 169 days of credit for time served in custody before imposition of sentence. (Doc. 9-2.) This would mean that his sentence would be over, without parole, on July 4, 2008. That was 20 months ago.

So long as a prisoner petitions for habeas corpus while in custody, the expiration of the sentence does not affect the "in custody" requirement of the federal habeas statute. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing 28 U.S.C. § 2254 (1994)). Simmons filed his petition while still on probation, so the "in custody" requirement is not why the Court is concerned about its jurisdiction. The real question, just like in *Spencer*, "is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id.*; *see also* U.S. Const. art. III, § 2 (specifying that the federal government's judicial power extends to certain "cases" and "controversies"). Although "a wrongful criminal conviction has continuing collateral consequences" sufficient to keep a petition with a completed sentence from becoming moot, the petitioner in *Spencer* did not challenge the legality of the conviction. *Id.* at 8. He only challenged the legality of a wrongful termination of his parole. *Id.* The Supreme Court could not presume, and the petitioner could not demonstrate, that the parole revocation had injurious effects after the sentence expired that would keep the action from becoming moot. *See id.* at 8–14 (holding that the Court could not presume that parole revocation had collateral consequences after

the expiration of the sentence); *id.* at 14–16 (noting that the injuries proffered—that the revocation could be used against him in future parole proceedings, future sentencings, for impeachment as a witness or against him directly—were insufficient to keep the action from becoming moot).

Similarly, the sentence is over in this case and Simmons does not challenge the underlying criminal conviction nor does he complain of collateral consequences as a result of the loss of good-time credit. He only complains about his release date. If the Court were to award Simmons the good-time credit that he lost, the result would be the same as if it did not award good-time credit: his sentence would still be over. This case is moot.

## Exhaustion of State Remedies

Even if the case was not moot, the petition would still have to be dismissed because Simmons has not exhausted his state remedies.

In *Preiser v. Rodriguez,* 411 U.S. 475, 482, 487–89 (1973), the Supreme Court explained that 28 U.S.C. § 2254 is the appropriate federal mechanism for challenging a loss of good time credits and seeking either immediate release or the shortening of the term of confinement. However, the petitioner must first exhaust his remedies in state court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). "[S]tate prisoners must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.; see also* 28 U.S.C. § 2254(c) (2006) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). In *O'Sullivan* the Supreme Court specifically addressed exhaustion under Illinois' two-tiered appellate process, holding that issues must be raised not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review except under a limited number of special circumstances, which are not applicable to this case. *O'Sullivan,* 526 U.S. at 843–46.

"Illinois inmates seeking restoration of good-time credits lost due to constitutionally infirm disciplinary hearings have a judicial remedy: they can file a complaint for an order of mandamus from an Illinois circuit court." *McAtee v. Cowan*, 250 F.3d 506, 508–09 (7th Cir. 2001); *accord Johnson v. McGinnis*, 734 F.2d 1193, 1198–99 (7th Cir. 1984). A review of the record reveals that Simmons sought a writ of habeas corpus from the state circuit court concerning his good time credits; he did *not* seek an order of mandamus. (Doc. 9-7 at 6–14; Doc. 9-8; Doc. 9-9 at 3–4.) Simmons admits as much. (Pet. 1, 6, 8.) Simmons also admits that he did not even appeal the denial of his post-conviction habeas petition, instead opting to proceed directly to federal court. (Pet. 4, 10.) Because Simmons has not even attempted an appeal, his claims in his habeas corpus petition are procedurally defaulted.

Procedural default may be excused if petitioner shows cause and prejudice for failing to properly exhaust state remedies, or that a miscarriage of justice will occur. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McAtee*, 250 F.3d at 509. Petitioner has not even attempted to show cause for his default, nor has he argued for the miscarriage of justice exception.

## Conclusion

Because the loss of good-time credit relates to a sentence that has elapsed anyway, petitioner Jake Simmons' habeas corpus petition is moot. The Court accordingly **DISMISSES** the petition for lack of subject-matter jurisdiction. The case is now closed.

**IT IS SO ORDERED.**

**DATED March 9, 2010.**

                                                s/ Michael J. Reagan
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**